IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil No. 25-00140 MWJS-KJM<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**INTRODUCTION**

Before the court is pro se Plaintiff Montell Alexander Bowman's complaint against the Department of Justice, filed on March 31, 2025. ECF No. 1. Bowman seeks to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 2. When an applicant seeks to proceed without prepayment of fees, the court must screen the complaint. And the court must first ensure that it has the power—or subject matter jurisdiction—to hear the case. Because the court does not have the authority to hear this case, and because Bowman would not be able to cure the complaint's deficiencies, the court DISMISSES the complaint without leave to amend and DENIES the IFP application as moot.

//

//

## DISCUSSION

A.   **Screening of Plaintiff's Complaint**

Although the complaint is extensive in its length and content, the court has difficulty in identifying any discernible claims. Bowman's filing speaks generally of "telepathy" and "psychic technology." ECF No. 1, at PageID.5. In his complaint, Bowman alleges that there has been an "invasion of privacy laws" and that certain "people . . . know I'm psychic." *Id.* at PageID.4. He cites numerous criminal federal statutes, including 18 U.S.C. § 201 (Bribery of public officials and witnesses), 18 U.S.C. § 1503 (Influencing or injuring officer or juror generally), 18 U.S.C. § 1505 (Obstruction of proceedings before departments, agencies, and committees), 18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant), and 18 U.S.C. § 1513 (Retaliating against a witness, victim, or an informant), amongst others. *Id.* at PageID.10-16. Bowman also lists some "examples" of other federal laws, such as the Age Discrimination in Employment Act, Americans with Disabilities Act, and the Equal Pay Act of 1963. *Id.* at PageID.10. As detailed below, however, the complaint does not contain any discernible factual allegations arising from those statutes. *See, e.g., id.* at PageID.16 (citing 7 U.S.C. § 9, which prohibits "manipulation and false information" and Bowman stating in support "where's the law people*psychic flesh type*forced life against will act").

2

Because pro se plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). But the court must ensure that it has the power—or subject matter jurisdiction—to hear a case before the action may proceed in federal court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). And even where the court has the power to hear a case, when a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies. *See* 28 U.S.C. § 1915(e)(2). Under that statute, the court must dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

    1. Federal courts have limited power to hear cases, and so here, Bowman has the burden to establish subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Bowman's complaint appears to suggest that the court has subject matter jurisdiction because there is a federal question presented. ECF No. 1, at PageID.51. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that involve the Constitution or federal law. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

There are three primary issues with Bowman's complaint. First, while Bowman's complaint lists several federal statues, a plaintiff's "mere reference of a federal statute in a pleading" is insufficient to confer jurisdiction on a federal court. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). And Bowman's complaint does not set forth any factual allegations from which this court could derive a basis for federal question jurisdiction under the various federal statutes listed. Moreover, the complaint's only discernible allegations, which involve the use of "psychic technology," ECF No. 1, at PageID.5, "are wholly insubstantial and frivolous," *Bowman v. Am. Gov't*, Civ. No. 24-00380, 2024 WL 4476432, at *1 (D. Haw. Oct. 11, 2024) (cleaned up). When that is the case, there is no federal question jurisdiction. *See id.*

Second, to the extent that Bowman relies on various federal criminal statutes as the basis for jurisdiction, he is "attempting to initiate a criminal complaint against" the Department of Justice, and the court "has no authority or power to order the relief" that he seeks. *Wilson v. Clallam Cnty. PUD #1*, Cause No. C23-5203, 2023 WL 2599202, at *2 (W.D. Wash. Mar. 22, 2023) (cleaned up). A criminal complaint can only be initiated in this court by a federal prosecutor, and not by a private citizen. *Id.* In other words, "a private litigant 'lacks standing to compel an investigation or prosecution of another person.'" *Cox v. United States*, Civ. No. 17-00001, 2017 WL 2385341, at *5 (D. Haw. May 31, 2017) (quoting *Tia v. Crim. Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011)); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private

4

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Third, the Department of Justice is protected from suit by sovereign immunity. *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (noting that "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity" and "any lawsuit against an agency of the United States . . . is considered an action against the United States"). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* And here, Bowman has identified no waiver of the Department's sovereign immunity— meaning that the court lacks jurisdiction over his complaint.

For these reasons, Bowman has not met his burden to show that this court has subject matter jurisdiction over his case. The complaint therefore is DISMISSED for lack of subject matter jurisdiction.

2. As a general rule, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But where amendment would be futile, leave is appropriately denied. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, amendment would be futile because it would not cure the complaint's jurisdictional deficiencies. And even if Bowman were somehow able to do so, he would still face another prohibitive barrier to relief: his complaint would not pass screening

5

under the in forma pauperis statute because it fails to state a claim upon which relief could be granted and is frivolous. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Here, as noted, the complaint offers no substantive allegations aside from mentioning alleged privacy right violations related to "psychic technology." These allegations not only fail to raise a right to relief above the speculative level; they are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

For these reasons, leave to amend would be futile and is therefore DENIED.

### B.  Plaintiff's In Forma Pauperis Application

Because the complaint is dismissed without leave to amend, the court also DENIES the IFP application as moot and does not decide the application's sufficiency.

## **CONCLUSION**

For the foregoing reasons, the court DISMISSES Plaintiff's complaint, ECF No. 1, without leave to amend and DENIES his IFP application, ECF No. 2, as moot. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

DATED: April 24, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00140 MWJS-KJM; *Montell Alexander Bowman v. Department of Justice*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT